# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JONOS ALBERTO NAVARRO LEIVA,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 6:26-CV-00684-LS** |
| | § | |
| **WARDEN, LIMESTONE COUNTY DETENTION CENTER, DIRECTOR OF ICE, ATTORNEY GENERAL,** | § | |
| | § | |
| | § | |
| | § | |
| ***Respondents*.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is one of more than 700 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody during removal proceedings. Petitioner in this case is a citizen of El Salvador, in removal proceedings, and has no final order of removal.[1]

**Habeas Corpus under 28 U.S.C. § 2241**

The primary habeas corpus statute, 28 U.S.C. § 2241, authorizes a petitioner to plead in federal court that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."[2] This Court has jurisdiction over § 2241 claims challenging pre-removal order immigration detention.[3]

---

[1] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

[2] 28 U.S.C. § 2241(c)(3).

[3] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (assuming jurisdiction over, and reversing and remanding, district court orders granting § 2241 challenges to pre-removal order detention); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Having determined that the federal courts have jurisdiction to review a constitutional challenge to [a different section of 8 U.S.C. § 1226] . . . .").

**8 U.S.C. §§ 1225 and 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Buenrostro-Mendez v. Bondi*. That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner is "in custody in violation of the Constitution or laws . . . of the United States" for want of a bond hearing under 8 U.S.C. § 1226(a).[4] Petitioner, in removal proceedings, is not "clearly and beyond a doubt entitled to be admitted" and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5]

**Due Process**

On October 23, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Sosnava Rodriguez v. Vergara*.[6] That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner's mandatory detention under § 1225(b)(2)(A) violates any due process right.

**Conclusion**

The petition for a writ of habeas corpus [ECF No. 4] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Buenrostro-Mendez*, 166 F.4th at 498 (reversing district court orders granting § 2241 habeas petitions seeking bond hearings and release under 8 U.S.C. § 1226(a)(2)).

[5] *Id.* ("[W]e conclude that the government's position is correct" that petitioners "shall be detained" under 8 U.S.C. § 1225(b)(2)(A) during their removal proceedings because neither showed they were "clearly and beyond a doubt entitled to be admitted").

[6] *Sosnava Rodriguez v. Vergara*, No. 26-50183, slip op. at 31 (5th Cir. Oct. 23, 2026) (en banc).